

ONE CNN CENTER, SE0914H, Atlanta, GA 30303-2762

**DREW SHENKMAN**
Senior Counsel
T 404 878 5696
drew.shenkman@turner.com

February 9, 2018

*VIA EMAIL and OVERNIGHT MAIL*

Case: 1:18-mc-00019
Assigned To : Howell, Beryl A.
Assign. Date : 2/12/2018
Description: Miscellaneous

Hon. Chief Judge Beryl A. Howell
U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington D.C. 20001

Re: **REQUEST TO UNSEAL DOCKETS RELATED TO THE INDEPENDENT COUNSEL'S 1998 INVESTIGATION OF PRESIDENT CLINTON**

Dear Chief Judge Howell:

I am an attorney for Cable News Network, Inc. and its journalist Katelyn Polantz. We write to request that the following dockets related to the Independent Counsel's 1998 investigation of President Clinton be unsealed and made public:

| | |
|---|---|
| 98-mc-095 | Bruce Lindsey testimony |
| 98-mc-096 | Sidney Blumenthal testimony |
| 98-mc-097 | Nancy Hernreich testimony |
| 98-mc-148 | Secret Service Testimony |
| 98-mc-202 | White House documents |
| 98-mc-267 | Presidential subpoena |
| 98-mc-278 | Lanny Breuer testimony |
| Unknown | Terry Lenzner and Investigative Group Intl., Inc. subpoena |

In 1998, Independent Counsel Ken Starr's investigation sought, via a grand jury, information and testimony from a number of government officials, including the President himself. Some of those grand jury subpoenas were litigated over disputed applications of executive privilege and the attorney-client privilege.

Most notably, though the matter was never adjudicated, President Clinton made legal arguments related to the constitutional issue of whether a sitting president may be subpoenaed to give grand jury testimony, a matter resolved when the subpoena was withdrawn and President Clinton voluntarily testified to the grand jury from the White House via closed-circuit television.

All of these matters were widely covered by the media at the time,[1] and except for the Presidential subpoena matter, resulted in a myriad of judicial rulings by this Court, the D.C. Circuit, and/or the Supreme Court. However, twenty years later, the dockets and all of their contents remain shrouded in secrecy. Each docket remains an opaque SEALED vs. SEALED, even where much of

---

[1] For a comprehensive archived history of CNN's coverage of the Independent Counsel's 1998 investigation, see: Timeline http://www.cnn.com/ALLPOLITICS/1998/resources/lewinsky/timeline/; Articles Archive http://www.cnn.com/ALLPOLITICS/1998/resources/lewinsky/archive/.

Hon. Chief Judge Beryl A. Howell
February 9, 2018
Page 2

the information contained therein has been widely reported by the media, and published in great detail in subsequent judicial opinions.

The identity of the witness or entity at the center of these sealed cases, as well as a few of the filings from them, were published by the Independent Counsel in 1998 in an appendix to his report to the House of Representatives,[2] including:

- a White House memoranda opposing the Independent Counsel's motion to compel the testimony of two of President Clinton's senior advisors, Bruce Lindsey and Sidney Blumenthal (from 98-95 and 98-96);[3]
- a Motion for Continuance filed by President Clinton to delay his grand jury subpoena for testimony,[4] as well as the courtroom transcript of the hearing on that motion (in 98-267);[5]
- and sealed order of this Court ordering Special Counsel to the President Lanny Breuer to testify over his executive privilege objections (in 98-278).[6]

These documents, as well as the Independent Counsel's detailed litigation history summary, refer to many other documents filed with the Court as well as various hearings held by the court, yet remain sealed, including:

- In response to Bruce Lindsey refusing to answer certain grand jury questions, Chief Judge Johnson stated in a court transcript from January 19, 1998 "[i]f he had come in here today still not claiming any privileges and simply telling me he wasn't going to answer the questions, he would be in D.C. Jail by now";[7]
- Sidney Blumenthal moved to quash his grand jury subpoena on February 24, and the court held a hearing the same day and denied the motion;[8]
- On March 6, the Independent Counsel moved to compel the testimony of Sidney Blumenthal, Bruce Lindsey, and Nancy Hernreich to testify over their objections, the Independent Counsel moved to expedite the litigation, and on March 17 President Clinton intervened to oppose (later dropping the executive privilege claim as to Hernreich);[9]
- On March 19, the Independent Counsel filed motions to unseal the executive privilege litigation (it is unclear whether these motions were ever ruled upon);[10]
- On March 20, Chief Judge Johnson heard oral argument on executive privilege, and later on attorney-client privilege;[11]

---

[2] Appendices to the Referral to the United States House of Representatives Pursuant to Title 28, United States Code, Section 595(c) Submitted by the Office of the Independent Counsel, Volume II: Appendix, Tab H "Litigation History" at pp. 183-200. https://www.gpo.gov/fdsys/pkg/GPO-CDOC-105hdoc311/pdf/GPO-CDOC-105hdoc311-2.pdf

[3] *Id.* at Volume V, Document Supplement Part C, Tab 42 at pp.2025-2138. https://www.gpo.gov/fdsys/pkg/GPO-CDOC-105hdoc311/pdf/GPO-CDOC-105hdoc311-5.pdf

[4] *Id* at Volume VI, Document Supplement Part D, Tab 52 at pp.2279-2365. https://www.gpo.gov/fdsys/pkg/GPO-CDOC-105hdoc311/pdf/GPO-CDOC-105hdoc311-6.pdf

[5] *Id.* at pp.2369-2403.

[6] *Id* at pp.2477-2487.

[7] *Id* at Vol II, p.185.

[8] *Id* at p.186.

[9] *Id* at p.187.

[10] *Id*

[11] *Id.* at p.188.

Hon. Chief Judge Beryl A. Howell
February 9, 2018
Page 3

- After a flurry of litigation before the D.C. Circuit and Supreme Court, on August 5, 1998, the issues returned to this Court and Chief Judge Johnson ordered the parties to brief executive privilege and attorney-client privilege issues;[12]
- Similar briefing, and court hearings, rulings were compiled in a sealed case concerning the Secret Service,[13] a sealed case concerning President Clinton's records and phone logs,[14] and Terry F. Lenzner, a private investigator retained by Clinton's attorneys in the Whitewater case.[15]

While all of this basic information has been made public through the Independent Counsel's publication and through media reporting, the legal filings and court hearing transcripts themselves largely remain sealed.

Accordingly, to the extent that this Court determines that Rule 6(e) applies to these dockets and filings, or if they were originally sealed pursuant to that rule, we now ask this Court to exercise its discretion permitted by Rule 6(e)(6) and LCrR 6.1 and unseal the dockets and records, finding that "continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." LCrR 6.1. The basis for such a finding includes: the Independent Counsel's detailed litigation history summary; the documents published by the Independent Counsel; the many public judicial opinions concerning these matters; the extensive media coverage of the last twenty years concerning the Independent Counsel's investigation; the media coverage related to these individuals and entities cooperation with or resistance to a grand jury subpoena; the fact that the Independent Counsel's investigation and grand jury's work is long concluded; the fact that the Independent Counsel law has since expired and the Office of Independent Counsel no longer exists; and extreme public interest in knowing as much as possible about what led to the resulting impeachment proceedings brought against President Clinton which came about in the wake of the Independent Counsel's work.

Further, and based on the information published by the Independent Counsel described above, the dockets we ask to be unsealed here appear to relate only to witnesses and entities compliance with grand jury subpoenas. These dockets likely do not contain the resulting core Rule 6(e) grand jury material as defined in *In re Sealed Case*, 192 F. 3d 995, 1001-1005 (D.C. Cir. 1999) that could be subject to continuing seal under the grand jury secrecy rule.[16]

Finally, there is much to be learned from reviewing the procedures utilized to gain compliance with a grand jury subpoena over executive branch objections, both in proceedings before the court but also as to the pre-conflict interactions between the parties typically included as exhibits to motions and memoranda. Given that the present administration faces the possibility of compelled presidential testimony and the application of various privileges, there is a keen public interest in learning more about how those interactions took place during the 1998 clash between an independent prosecutorial body and the executive branch.

---

[12] *Id* at 192.
[13] *Id* at p.193-197.
[14] *Id* at 197-198.
[15] *Id* at 199.
[16] While CNN would certainly not object to the unsealing of core Rule 6(e) grand jury material in this matter, that material is not being requested here.

Hon. Chief Judge Beryl A. Howell
February 9, 2018
Page 4

    For all of the reasons stated herein, CNN and Ms. Polantz respectfully request that this Court unseal and make public the above-referenced dockets as well as all of the contents therein.

    We thank you for your consideration of this request and please do not hesitate to contact me should you have any questions or concerns or require further submissions regarding this matter.

                                      Respectfully Submitted,

                                      Drew E. Shenkman
                                      Senior Counsel, CNN

cc:    Katelyn Polantz, CNN