# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION TO UNSEAL DOCKETS RELATED TO THE INDEPENDENT COUNSEL'S 1998 INVESTIGATION OF PRESIDENT CLINTON | Misc. No. 18-0019 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Cable News Network, Inc. ("CNN") and its journalist Katelyn Polantz have requested, via letter, dated February 9, 2018, that eight sealed Miscellaneous matters arising from Independent Counsel Kenneth W. Starr's investigation in 1998 of then-President William Jefferson Clinton "be unsealed and made public." CNN/Polantz Request to Unseal Dockets Related to the Independent Counsel's 1998 Investigation of President Clinton ("CNN/Polantz Unsealing Request") at 1, ECF No. 1. As CNN correctly points out, each of these dockets "remains an opaque SEALED vs. SEALED." *Id*. Indeed, these docket numbers do not appear on the Federal Judiciary's electronic public access service, Public Access to Court Electronic Records (PACER), because they are being treated as sealed dockets with sealed docket entries. The Miscellaneous dockets at issue are described by CNN as follows:

1. 98-mc-095   Bruce Lindsey testimony
2. 98-mc-096   Sidney Blumenthal testimony
3. 98-mc-097   Nancy Hernreich testimony
4. 98-mc-148   Secret Service Testimony
5. 98-mc-202   White House documents
6. 98-mc-267   Presidential subpoena
7. 98-mc-278   Lanny Breuer testimony
8. Unknown     Terry Lenzner and Investigative Group Intl., Inc. subpoena.

1

*Id.* at 1.[1]

The CNN/Polantz Unsealing Request contends that the unsealing of these Miscellaneous dockets, "as well as all of the contents therein," *id.* at 4, is appropriate because (1) "[a]ll of these matters were widely covered by the media at the time," *id.* at 1; (2) these matters, "except for the Presidential subpoena matter, resulted in a myriad of judicial rulings by this Court, the D.C. Circuit, and/or the Supreme Court," *id.*, with information from these matters "published in great detail in [ ] judicial opinions," *id.* at 2; (3) "[t]he identity of the witness or entity at the center of these sealed cases, as well as a few of the filings from them, were published by the Independent Counsel in 1998 in an appendix to his report to the House of Representatives," *id.*; (4) since these dockets "appear to relate only to witnesses and entities [sic] compliance with grand jury subpoenas," they "likely do not contain the resulting core Rule 6(e) grand jury material," *id.* at 3; and, finally, (5) "[g]iven that the present administration faces the possibility of compelled presidential testimony and the application of various privileges, there is a keen public interest in learning more about how those interactions took place during the 1998 clash between an independent prosecutorial body and the executive branch," *id.*

Seven of the eight Miscellaneous docket numbers at issue are referenced in the report submitted to the House of Representatives by Independent Counsel Starr, *see* Communication from Kenneth W. Starr, Independent Counsel, Transmitting a Referral to the United States House of Representatives Filed in Conformity with the Requirements of Title 28, United States Code, Section 595(c) ("Starr Report"), H.R. DOC. NO. 105-310 (1998). In addition, some, but not all,

---

[1] The Miscellaneous case number for the matter described as "Unknown—Terry Lenzner and Investigative Group Intl., Inc. subpoena" is not identified in the Starr Report, although the litigation history of this matter is summarized in an appendix. *See* Communication from Kenneth W. Starr, Independent Counsel, Transmitting a Referral to the United States House of Representatives Filed in Conformity with the Requirements of Title 28, United States Code, Section 595(c) ("Starr Report"), H.R. DOC. NO. 105-310 (1998), Vol. II at 183–200.

of the documents entered on the dockets for these matters appear in full or are summarized in the appendices to the Starr Report. The D.C. Circuit authorized the Independent Counsel to disclose to the House of Representatives "all grand jury material that the independent counsel deems necessary to comply with the requirements of [28 U.S.C.] § 595(c)," based upon the "'*Ex Parte* Motion for Approval of Disclosure of Matters Occurring Before a Grand Jury' filed by Independent Counsel [ ] Starr on July 2, 1998," which *ex parte* motion remains sealed. *See* Order, *In re Madison Guaranty Savings & Loan Ass'n*, Special Div. No. 94-1 (D.C. Cir. filed July 7, 1998), *reprinted in* Starr Report, Vol. II at 10.

Consequently, the docket numbers for seven of the eight Miscellaneous matters at issue and any documents from those matters revealed in full in the Starr Report have already been unsealed and should have been made publicly available. *See* Starr Report, App. Vol. II, at 193 and 197–99 (disclosing Miscellaneous matter numbers 98-095, 98-096, 98-097, 98-148, 98-202, 98-267, and 98-278). Apparently, after issuance of the Starr Report, no specific direction was provided to the Clerk's Office as to which documents included in the Starr Report were to be disclosed, and the Clerk's Office rightfully carefully maintains the confidentiality of sealed matters unless expressly directed to unseal records. The Clerk's Office is therefore now ordered to make publicly available promptly on the Court's Case Management/Electronic Case Filing (CM/ECF) system and PACER these seven Miscellaneous matter numbers, as well as the documents from those matters that have been revealed in full in the Starr Report, which Miscellaneous matter numbers and corresponding unsealed documents are listed in the attachment to this Order.

In addition to the records released pursuant to the D.C. Circuit's July 7, 1998 order, further examination of the dockets for seven of the eight Miscellaneous matters at issue reveals

that, in five of those cases—Misc. No. 98-95, Misc. No. 98-96, Misc. No. 98-97, Misc. No. 98-148, and Misc. No. 98-278—then-Chief Judge Norma Holloway Johnson previously entered orders unsealing, in full or in part, certain documents, while other documents filed in these matters were never placed under seal. For example, then-Chief Judge Johnson issued public orders in these five cases unsealing certain documents in redacted form. The Clerk's Office is therefore ordered to make publicly available promptly on the Court's CM/ECF system and PACER those previously unsealed, in full or in part, or not filed under seal, documents, which documents are listed in the attachment to this Order.

Not all documents in the Miscellaneous matters at issue have been unsealed. In considering the pending CNN/Polantz Unsealing Request for documents currently under seal in those matters, the positions of the U.S. Department of Justice ("DOJ") and relevant stakeholders are relevant. To that end, DOJ is directed to provide its view, if any, on whether the eight Miscellaneous matters at issue and corresponding sealed docket entries may be unsealed. DOJ is also directed to provide notice to the individuals, who were recipients of the grand jury subpoenas at issue or otherwise involved in these matters, concerning the pending CNN/Polantz Unsealing Request, so that these individuals have an opportunity to inform the Court of their views, if any, and address *in camera* and *ex parte* any privacy concerns these individuals may have about the requested unsealing.

Accordingly, it is hereby

**ORDERED** that the Clerk's Office shall make publicly available promptly on the Court's CM/ECF system and PACER the docket numbers Misc. No. 98-95, Misc. No. 98-96, Misc. No. 98-97, Misc. No. 98-148, Misc. No. 98-202, Misc. No. 98-267, and Misc. No. 98-278; and it is further

**ORDERED** that, in those cases, the Clerk's Office shall make any previously unsealed documents and any documents not filed under seal, as identified in the attachment to this Order, promptly available to the public; and it is further

**ORDERED** that, pending further consideration by this Court, all other documents in those cases shall remain under seal; and it is further

**ORDERED** that the U.S. Department of Justice shall, by February 23, 2018, provide the Court (1) its views as to whether the documents remaining under seal in the eight Miscellaneous dockets at issue may be unsealed, (2) confirm that the individuals, who were recipients of the grand jury subpoenas at issue or otherwise involved in these matters, have been notified of the CNN/Polantz Request, and (3) provide *in camera* and *ex parte* any privacy concerns regarding such individuals.

**SO ORDERED.**

Date: February 12, 2018

_____
BERYL A. HOWELL
Chief Judge

**ATTACHMENT TO MEMORANDUM AND ORDER**
**LIST OF MC MATTERS AND DOCUMENTS TO BE MADE PUBLICLY ACCESSIBLE**

| Matter No. | ECF No. | Document Title | Unsealing Order |
|---|---|---|---|
| **98-MC-95** | 9 | Memorandum of the White House in Opposition to OIC's Motions to Compel Bruce R. Lindsey and Sidney Blumenthal to Testify Concerning Conversations Protected by the Attorney-Client, Presidential Communications, and Work Product Privileges, including exhibits (consolidated Opposition for 98-MC-95, 98-MC-96, and 98-MC-97) | Order, *In re Madison Guaranty Savings & Loan Ass'n*, Special Div. No. 94-1 (D.C. Cir. filed July 7, 1998) ("D.C. Cir. Order"); reprinted in Starr Report, App. Vol. V at 2025–2138 |
| | 70 | Memorandum Opinion, dated May 26, 1998 - REDACTED | Order dated May 26, 1998, 98-MC-95, ECF No. 72 (Johnson, C.J.) ("5/26/1998 Order") |
| | 71 | Order, dated May 26, 1998 - REDACTED | 5/26/1998 Order, 98-MC-95 |
| | 72 | 5/26/1998 Order, 98-MC-95, with attachments:<br>1. Motion to Compel Bruce R. Lindsey to Testify - REDACTED<br>2. Memorandum of the White House in Opposition to OIC's Motions to Compel Bruce R. Lindsey and Sidney Blumenthal to Testify Concerning Conversations Protected by the Attorney-Client, Presidential Communications, and Work Product Privileges - REDACTED<br>3. Declaration of Charles F.C. Ruff - REDACTED<br>4. Reply Memorandum of the United States of America in Support of Motion to Compel Bruce R. Lindsey to Testify - REDACTED<br>5. Motion to Expedite Consideration of Motions to Compel Testimony - REDACTED | Order not filed under seal. |
| | 75 | Hearing Transcript, June 1, 1998 - REDACTED | 5/26/1998 Order, 98-MC-95 |
| | 76 | Hearing Transcript, June 1, 1998 - REDACTED | 5/26/1998 Order, 98-MC-95 |
| | 77 | Hearing Transcript, June 1, 1998 - REDACTED | 5/26/1998 Order, 98-MC-95 |
| | 78 | Order dated June 2, 1998, 98-MC-95, ECF No. 78 (Johnson, C.J.) ("6/2/1998 Order") | Order not filed under seal. |
| | 79 | Brief Amicus Curiae for the United States of America, Acting through the Attorney General, filed June 2, 1998 - REDACTED | 6/2/1998 Order, 98-MC-95 |

| Matter No. | ECF No. | Document Title | Unsealing Order |
|---|---|---|---|
| **98-MC-96** | 33 | Memorandum Opinion, dated May 26, 1998 - REDACTED | Order dated May 26, 1998, 98-MC-96, ECF No. 35 (Johnson, C.J.) ("5/26/1998 Order") |
| | 34 | Order, dated May 26, 1998 - REDACTED | 5/26/1998 Order, 98-MC-96 |
| | 35 | 5/26/1998 Order, 98-MC-96, with attachments:<br>1. Motion to Compel Sidney Blumenthal to Testify - REDACTED<br>2. Reply Memorandum of the United States of America in Support of Motion to Compel Sidney Blumenthal to Testify - REDACTED<br>3. Motion to Expedite Consideration of Motions to Compel Testimony - REDACTED | Order not filed under seal. |
| | 37 | Hearing Transcript, June 1, 1998 - REDACTED | 5/26/1998 Order, 98-MC-96 |
| **98-MC-97** | 24 | Memorandum Opinion, dated May 26, 1998 - REDACTED | Order dated May 26, 1998, 98-MC-97, ECF No. 26 (Johnson, C.J.) ("5/26/1998 Order") |
| | 25 | Order, dated May 26, 1998 - REDACTED | 5/26/1998 Order, 98-MC-97 |
| | 26 | 5/26/1998 Order, 98-MC-97, with attachments:<br>1. Motion to Expedite Consideration of Motions to Compel Testimony - REDACTED<br>2. Motion to Compel [Redacted] to Testify - REDACTED<br>3. Reply Memorandum of the United States of America in Support of Motion to Compel [Redacted] to Testify - REDACTED | Order not filed under seal. |
| | 28 | Hearing Transcript, June 1, 1998 - REDACTED | 5/26/1998 Order, 98-MC-97 |
| **98-MC-148** | 6 | Motion to Compel [Redacted], [Redacted], and [Redacted] to Testify - REDACTED | Not filed under seal. |
| | 7 | Opposition to the Independent Counsel's Motion to Compel - REDACTED | Not filed under seal. |
| | 8 | Reply Memorandum of the United States of America in Support of its Motion to Compel [Redacted], [Redacted], and [Redacted] to Testify - REDACTED | Not filed under seal. |
| | 9 | Memorandum Opinion, dated May 22, 1998 - REDACTED | Not filed under seal. |
| | 10 | Order, dated May 22, 1998 - REDACTED | Not filed under seal. |
| | 15 | Hearing Transcript, May 14, 1998 | Not filed under seal. |
| | 22 | Motion for a Protective Order or in the Alternative Motion to Quash Subpoena - REDACTED | Not filed under seal. |
| | 27 | Memorandum Order, dated July 16, 1998 - REDACTED | Order dated July 16, 1998, 98-MC-148, ECF No. 28 (Johnson, C.J.) ("7/16/1998 Order") |
| | 28 | 7/16/1998 Order, 98-MC-148 | Order not filed under seal. |

| Matter No. | ECF No. | Document Title | Unsealing Order |
|---|---|---|---|
| **98-MC-267** | 1 | Motion of William J. Clinton for Continuance, including exhibits | D.C. Cir. Order; reprinted in Starr Report, App. Vol. VI at 2279–2365 |
| | N/A | Transcript of Status Hearing dated July 28, 1998<br>Transcript does not appear on the CM/ECF docket. | D.C. Cir. Order; reprinted in Starr Report, App. Vol. VI at 2369–2403 |
| **98-MC-278** | 1 | Emergency Motion of Lanny A. Breuer to Stay Subpoena - REDACTED | Not filed under seal. |
| | 2 | Opposition of the United States of America to Emergency Motion to Stay Subpoena - REDACTED | Not filed under seal. |
| | 3 | Order, dated August 5, 1998 | Order dated Jan. 21, 1999, 98-MC-278, ECF No. 22 (Johnson, C.J.) ("1/21/1999 Order") |
| | 4 | Opposition of the United States to White House's Motion for Stay Pending Appeal of Order Compelling Lanny Breuer's Testimony | 1/21/1999 Order |
| | 5 | Notice of In Camera Need Submission of the United States of America | 1/21/1999 Order |
| | 6 | White House's Response to the OIC's In Camera Submission | 1/21/1999 Order |
| | 7 | Memorandum of the Office of the President in Response to This Court's Order of August 5, 1998 Concerning a Stay of Any Proceedings Pending Appeal | 1/21/1999 Order |
| | 8 | White House's Memorandum in Support of Mr. Breuer's Assertion of the Attorney-Client Privilege | 1/21/1999 Order |
| | 9 | Memorandum Order, dated August 7, 1998 | 1/21/1999 Order |
| | 10 | Memorandum Order, dated August 11, 1998 | D.C. Cir. Order; reprinted in Starr Report, App. Vol. VI at 2477–87 |
| | 11 | Notice of Appeal | 1/21/1999 Order |
| | 12 | Notice of Appeal | 1/21/1999 Order |
| | 13 | Notice of Appeal | Order dated Sept. 10, 1998, 98-MC-278, ECF No. 17 (Johnson, C.J.) ("9/10/1998 Order") |
| | 14 | Notice of Appeal | 9/10/1998 Order |
| | 15 | Errata | 1/21/1999 Order |
| | 16 | Motion of the United States of America to Unseal Notices of Appeal dated August 21, 1998 | 1/21/1999 Order |
| | 17 | 9/10/1998 Order, 98-MC-278 | 1/21/1999 Order |
| | 22 | 1/21/1999 Order, 98-MC-278 | Order not filed under seal. |