IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION TO UNSEAL DOCKETS RELATED TO THE INDEPENDENT COUNSEL'S 1998 INVESTIGATION OF PRESIDENT CLINTON | Misc. No. 18-0019 (BAH) |

## STATUS REPORT OF FORMER PRESIDENT CLINTON

On February 16, 2018, the Court granted the motion to intervene of former President William Jefferson Clinton ("Movant"), and ordered that Movant provide by February 23, 2018, "his views as to whether the documents remaining under seal in the Miscellaneous dockets at issue may be unsealed." Feb. 16, 2018 Minute Order. On behalf of Movant, we hereby submit this Status Report in response to the Court's order.

Undersigned counsel has discussed with the Department of Justice ("Department") the obvious practical problem that, because the dockets at issue are sealed, Movant cannot at present meaningfully address their contents. Movant believes that a great deal of the material at issue has already been made public almost twenty years ago in the 211-page Starr Report[1], the two-volume, 3183-page Appendices to the Starr Report[2], and the three-volume, 4610-page

---

[1] Referral from Independent Counsel Kenneth W. Starr in Conformity with the Requirements of Title 28, United States Code, Section 595(c), House of Representatives Committee on the Judiciary (Sept. 11, 1998), House Document 105-310 (105th Cong., 2d Sess.).

[2] Appendices to the Referral to the United States House of Representatives Pursuant to Title 28, United States Code, Section 595(c) Submitted by the Office of the Independent Counsel,

1

Supplemental Materials to the Starr Report[3]. However, there may be in the sealed dockets material that is still appropriately protected by Rule 6(e) of the Federal Rules of Criminal Procedure, and that is a judgment the Department necessarily needs to make in the first instance. We understand that the Department is now in the process of reviewing the voluminous sealed materials, and Movant has not objected to its request for an extension of time to complete this process. Without opposition, the Court has granted the Department an extension until March 22, 2018. As soon as the Department's review is completed, we believe it would be appropriate for the Department to notify Movant of any putatively protected Rule 6(e) materials that affect Movant, and to allow counsel to review these materials pursuant to appropriate confidentiality protections (*e.g.*, a non-disclosure agreement). Movant will then be in a position to give the Court knowledgeable notice (in a sealed pleading, as appropriate) of its views.

Movant further submits that there are additional sealed dockets which are closely related to those identified by Cable News Network, Inc. ("CNN") and which should now be unsealed. Movant requests that they be unsealed and respectfully submits that the Department should include these dockets in its review. These include *In re Grand Jury Proceedings*, Misc. No. 98-55 (D.D.C.) (under seal), *In re Grand Jury Proceedings*, Misc. No. 98-177 (D.D.C.) (under seal), and *In re Grand Jury Proceedings*, Misc. No. 98-228 (D.D.C.) (under seal).[4] These case files

---

September 9, 1998, House of Representatives Committee on the Judiciary (Sept. 18, 1998), House Document 105-311 (105th Cong., 2d Sess.).

[3] Supplemental Materials to the Referral to the United States House of Representatives Pursuant to Title 28, United States Code, Section 595(c) Submitted by the Office of the Independent Counsel, September 9, 1998, House of Representatives Committee on the Judiciary (Sept. 28, 1998), House Document 105-316 (105th Cong., 2d Sess.).

[4] After the Independent Counsel's investigation turned (in its fifth year) to the Lewinsky matter in January 1998, a great deal of confidential grand jury material from the Office of the Independent Counsel ("OIC") was exposed in the news media. *See, e.g.*, NBC Nightly News (2/4/98) ("[S]ources in Starr's office have told NBC News that the information Lewinsky's

contain materials relating to litigation between then-President Clinton and the OIC concerning improper disclosures ("leaks") by the OIC of grand jury material protected by Rule 6(e). Numerous rulings were made by Chief Judge Norma Holloway Johnson, and an appeal was taken by the OIC, resulting in an opinion that, with eight redactions, is publicly available. *In re: Sealed Case No. 98-3077*, 151 F.3d 1059 (D.C. Cir. 1998). This opinion (unlike the Starr Report and its voluminous appendices and supplements, *see* notes 1–3) describes with considerable factual detail the leaks litigation in the District Court. The Court of Appeals noted that the OIC "does not contest the district court's finding that the movants have satisfied their burden to establish a prima facie case [of Rule 6(e) violations] through the submission of various news articles indicating that information relating to grand jury proceedings or witnesses was obtained from sources associated with the [OIC] . . . ." *Id.* at 394. It remanded for the Rule 6(e) investigation to be conducted *in camera* by a special master.

The case for disclosure is further bolstered by the fact that the grand jury investigation at issue concluded nearly two decades ago. Moreover, the subject matter of this litigation did not

---

lawyers were offering was simply not enough . . . . Sources in Starr's office . . . say they believe . . . . And they also tell us from Starr's office that they figure the most corroborating evidence . . . ."); NY Daily News (1/23/98) ("Prosecutors painted a different picture [of one witness' activities] . . . . ); NY Post (1/27/98) ("[S]ources in Starr's office told me yesterday they had drawn up a subpoena [for an identified grand jury witness]"); NY Daily News (1/31/98) ("The decision to drop Monica Lewinsky from the Paula Jones case has no impact on the investigation . . . . a source in Whitewater counsel Kenneth Starr's office said yesterday"); NY Times (2/2/98) ("Some members of Mr. Starr's legal team are also concerned [about Lewinsky's proffer] . . . . But one lawyer insisted that the omissions 'are not significant.'"). On February 9, 1998, counsel for President Clinton filed a motion to show cause why the OIC should not be held in contempt for violating Rule 6(e), Fed. R. Crim. P. (Misc. No. 98-55); a second motion on May 6, 1998 (Misc. No. 98-177); and a third motion on June 16, 1998 (Misc. No. 98-228). The litigation over these motions was complicated and contentious and led to the OIC's appeal to the Court of Appeals, which resulted in *In re: Sealed Case No. 98-3077*, 151 F.3d 1059 (D.C. Cir. 1998). There were no leaks from these sealed Rule 6(e) proceedings.

involve consideration of secret grand jury materials but rather the improper disclosure of such information on the public record.

                                              Respectfully submitted,

                                              /s/ David E. Kendall

                                              David E. Kendall (D.C. Bar No. 252890)
                                              Katherine M. Turner (D.C. Bar No. 495528)
                                              Stephen L. Wohlgemuth (D.C. Bar No. 1027267)
                                              WILLIAMS & CONNOLLY LLP
                                              725 Twelfth Street, N.W.
                                              Washington, DC 20005
                                              Telephone: (202) 434-5000
                                              Facsimile: (202) 434-5029
                                              dkendall@wc.com
                                              kturner@wc.com
                                              swohlgemuth@wc.com

                                              *Counsel for Former President Clinton*

February 23, 2018

## CERTIFICATE OF SERVICE

I, David E. Kendall, counsel for Former President Clinton, certify that, on February 23, 2018, a copy of this Status Report was filed via the Court's electronic filing system, and served via that system upon all parties required to be served.

/s/ David E. Kendall
David E. Kendall