# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION TO UNSEAL DOCKETS RELATED TO THE INDEPENDENT COUNSEL'S 1998 INVESTIGATION OF PRESIDENT CLINTON | Misc. No. 18-0019 (BAH) |

## DEPARTMENT OF JUSTICE RESPONSE TO CNN'S PETITION TO UNSEAL

### INTRODUCTION

Petitioner Cable News Network, Inc. ("CNN") and its journalist Katelyn Polantz seek to unseal certain Miscellaneous matters arising from Independent Counsel Kenneth W. Starr's investigation in 1998 of then-President William Jefferson Clinton.  *See* Letter to Chief Judge Beryl A. Howell from Drew Shenkman, dated Feb. 9, 2018.  This Court docketed the correspondence and ordered that the Department of Justice ("Department") respond to the petition by providing its views "as to whether the documents remaining under seal in the eight Miscellaneous dockets at issue may be unsealed." Order, Feb. 12, 2018, at 5.  The Court further granted the motion of former President William Jefferson Clinton to intervene in the proceedings, who requested that three additional dockets be considered for unsealing.  The Court ordered the Department to review these additional files, and provide views with respect to whether they, too, might be unsealed.  *See* Minute Order, Feb. 16, 2018.  After seeking a thirty day extension of time to respond, the Department hereby provides its views.

1

**LEGAL STANDARD**

I.      **Federal Rule of Civil Procedure 6(e)**

Federal Rule of Criminal Procedure 6(e) "codifies the traditional rule of grand jury secrecy." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983). As the Supreme Court has explained,

> Grand jury secrecy * * * is as important for the protection of the innocent as for the pursuit of the guilty. Both Congress and this Court have consistently stood ready to defend it against unwarranted intrusion. *In the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized.*

*Sells Engineering*, 463 U.S. at 424-425 (emphasis added).

Rule 6(e) prohibits all non-witness participants in a grand jury proceeding from disclosing any "matter occurring before the grand jury," "[u]nless these rules provide otherwise." Rule 6(e)(2)(B). The Rule then enumerates the specific circumstances in which disclosure of grand jury materials is permissible. Most of these exceptions apply without need for a court order. For example, the Rule provides for disclosures to other attorneys in the federal government, Rule 6(e)(3)(A), to other federal grand juries, Rule 6(e)(3)(C), and to federal national security officials, Rule 6(e)(3)(D), without any requirement of consultation with the court.

A final group of exceptions, outlined in Rule 6(e)(3)(E), grants district courts discretion to order disclosure of grand jury matters in five specifically enumerated circumstances. The first listed exception provides that district courts may order disclosures "preliminarily to or in connection with a judicial proceeding." Rule 6(e)(3)(E)(i). The second exception permits district courts to order disclosures "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Rule 6(e)(3)(E)(ii). The

remaining three exceptions allow release of grand jury materials at the request of the federal government: the federal government may seek release of grand jury materials "when sought by a foreign court or prosecutor for use in an official criminal investigation," Rule 6(e)(3)(E)(iii), and to share with state, foreign, tribal, or military officials upon a showing that the material "may disclose a violation of" the criminal laws of their respective jurisdictions, Rule 6(e)(3)(E)(iv), (v).

Rule 6(e) neither authorizes, nor provides a mechanism for, the disclosure of grand jury materials for reasons of public interest or historical significance. Although some courts have relied on their "inherent authority" to reach outside the textual confines of Rule 6(e),[1] the Supreme Court has made clear that a district court's inherent authority "does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." *Carlisle v. United States*, 517 U.S. 416, 426 (1996); *accord Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). That is especially true of Rule 6(e), which was enacted in relevant part directly by Congress, and which has been carefully refined and modified over decades by Congress and the Supreme Court itself in its rulemaking capacity. A district court enjoys no discretion to circumvent the policy judgments embodied in Rule 6(e) by "elect[ing] to analyze the question under the supervisory power." *Bank of Nova Scotia*, 487 U.S. at 254 (quoting *United States v. Payner*, 447 U.S. 727, 736 (1980)).

---

[1] *See, e.g.*, *In re Craig*, 131 F.3d 99 (2d Cir. 1997); *Carlson v. United States*, 837 F.3d 753 (7th Cir. 2016); *In re Petition of Kutler*, 800 F. Supp. 2d 42 (D.D.C. 2011). Cases presenting the issue of whether a district court may rely on its inherent authority to authorize grand jury disclosures outside the contours of Rule 6(e) are pending in the 11th Circuit, *see Pitch v. United States*, No. 17-15016 (11th Cir.), and most relevant here, in the D.C. Circuit. *See McKeever v. Sessions*, No. 17-5149 (D.C. Cir.).

Grand jury secrecy, however, can be waived through an otherwise authorized disclosure. Where a waiver has occurred, the information no longer falls within Rule 6(e). *See, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) (denying request, based on the public interest, to release grand jury testimony not presented at trial, but finding that "when once-secret grand jury material becomes 'sufficiently widely known' it may 'los[e] its character as Rule 6(e) material.'") (internal citations omitted).

## II.   Unsealing Court Records

This Circuit applies the traditional "*Hubbard*" factors when considering whether to unseal court records. *See United States v. Hubbard,* 650 F.2d 293, 314 (D.C.Cir.1980). In *Hubbard,* the Court of Appeals "identified six factors that might act to overcome [the] presumption" of public access to court records. These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*U.S. ex rel. Schweizer v. Oce, N.V.,* 577 F. Supp. 2d 169, 171–72 (D.D.C. 2008), citing *Hubbard.*

### THE DEPARTMENT'S VIEWS WITH RESPECT TO UNSEALING

Counsel has reviewed each of the files at issue. To the extent information remains subject to Rule 6(e) and/or sealing, an in camera, ex parte submission accompanies this response that details proposed redactions and the reason for them. As detailed below and in

its ex parte submission, where no redactions or withholdings are proposed, the Department does not object to the unsealing.[2]

### 1. Misc. No. 98-095, 98-096, 98-097, and 98-278

These files contain pleadings and documents relating to the grand jury testimony of Bruce Lindsey, Sidney Blumenthal, Nancy Hernreich, and Lanny Breuer. Because these proceedings reflected matters occurring before the grand jury, including who was being called to testify before the grand jury, the substance of the testimony sought, and any privileges asserted, they were at the time protected by Criminal Rule 6(e). *See Fund for Constitutional Gov't v. National Archives and Records Services, et al*, 656 F.2d 856, 869 (D.C. Cir. 1981) (Rule 6(e) "encompasses not only the direct revelation of grand jury transcripts but also the disclosure of information which would reveal 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'") (internal citation omitted).

On July 7, 1998, however, the D.C. Circuit authorized the Independent Counsel, under Fed. R. Crim. P. 6(e)(3)(C)(i) ("preliminarily to or in connection with a judicial proceeding"),[3] to disclose to the House of Representatives all grand jury material he deemed appropriate under his statutory charge. *See* Referral to the United States House of Representatives Pursuant to Title 28, United States Code, Section 595(c) Submitted by

---

[2] Some material in the files does not directly relate to the subject of the Independent Counsel investigation. The Department in its ex parte submission proposes the withholding of such material. In addition, placeholders in some files indicate that Chief Judge Johnson on occasion received certain materials from the Office of Independent Counsel and others, ex parte, for the purpose of showing need or establishing privilege. The ex parte materials themselves were not included in the files made available to counsel, and the views expressed herein do not address whether they are appropriate for release.

[3] Fed. R. Crim. P. 6(e)(3)(C)(i) is now codified as Fed. R. Crim. P. 6(e)(3)(E)(i).

the Office of the Independent Counsel, September 9, 1998 ("Referral"), Appendices, Part I, Tab B at p. 10.  The House of Representatives publicly published the Referral, the Appendices, and the Supplemental Materials, which included the grand jury testimony of Mr. Lindsey, Mr. Blumenthal, Ms. Hernreich, and Mr. Breuer.  Accordingly, their testimony is public and no longer protected by Rule 6(e).

Once removed from the restrictions of Rule 6(e), there is no reason that the dockets may not be largely unsealed.[4]  The subject matter of the litigation is known, and a portion of the pleadings already has been unsealed in redacted form.  Further, the individuals whose testimony was at issue do not object to the unsealing.[5]  Accordingly, the weight of the *Hubbard* factors favor unsealing.

    2. <u>Misc. No. 98-148</u>

This file concerns litigation over the testimony of Secret Service personnel.  The testimony of the majority of personnel at issue was publicly disclosed in the Supplemental Materials accompanying the Independent Counsel Referral, and discussed in the Referral itself.  The protective function privilege litigation was also discussed in the Final Report of the Independent Counsel, *In Re: Madison Guaranty Savings & Loan Association*, Appendix C ("Regarding Monica Lewinsky and Others") at 115-116.  For those Secret Service employees who do not appear in the Referral, their identities remain protected by Rule 6(e) and personal privacy.  Appropriate redactions are therefore

---

[4] One small portion of a May 4, 1998, Memorandum Opinion (a redacted version of which is already public), remains subject to Rule 6(e) and the current sealing order.  In its ex parte submission accompanying this response, the Department has proposed a redaction to account for that information.  The same Memorandum Opinion appears in both Misc. No. 98-096 and 98-097.

[5] As directed by the Court, undersigned counsel contacted the individuals (and/or their attorneys) whose interests are implicated by the proposed unsealing, including Mr. Lindsey, Mr. Blumenthal, Ms. Hernreich, Mr. Breuer, and counsel for President Clinton, and none objected.

proposed in the Department's ex parte submission. In addition, one Secret Service lawyer litigated the governmental attorney client privilege in response to a grand jury subpoena. No testimony from that attorney was included in the Referral. Accordingly, redactions are also proposed to protect information in connection to him that remains subject to Criminal Rule 6(e).

    3. <u>Misc. No. 98-202</u>

This file concerns multiple document subpoenas, one of which was disclosed in the Referral and accompanying Appendices. Appropriate redactions to protect material still covered by Rule 6(e) are proposed in the Department's ex parte submission.

    4. <u>Misc. No. 98-267</u>

The subpoena to President Clinton (the subject of this file) and the correspondence between the Office of Independent Counsel and counsel for President Clinton, were discussed in the Referral and the accompanying Appendices. President Clinton's August 1998 grand jury testimony was also included in the Supplemental Materials to the Referral. Counsel for President Clinton does not object to the unsealing of this file.

    5. <u>Misc. No. 98-077</u>

This file concerns a subpoena issued to Terry Lenzner. Although the subpoena to Mr. Lenzner was mentioned in an Appendix to the Referral, with a brief summary of a motion to quash, the Referral neither reproduces nor relies on the subpoena, nor any testimony of Mr. Lenzner. Mr. Lenzner's name does not appear in the Table of Names that opens the Referral, and no testimony is included in the "Index of Publicly Released Materials Produced to Congress with the 595(c) Referral," that prefaces the Supplemental

Materials to the Referral.  Accordingly, materials that reflect proceedings before the grand jury in connection with Mr. Lenzner remain fully protected by Criminal Rule 6(e).  The Department therefore opposes the unsealing of this file.  Counsel for Mr. Lenzner concurs with this determination.

    6.  <u>Misc. Nos. 98-55, 98-177 and 98-228</u>

These files concern allegations that the Office of Independent Counsel improperly disclosed to the media information protected by Criminal Rule 6(e).  Many of the documents in these files are unsealed.  Further, to the extent Rule 6(e) materials were discussed in connection with alleged leaks, the underlying information and testimony was included in the Referral, its Appendices and Supplemental Materials.  Accordingly, Rule 6(e) no longer applies to these materials, and the Department has no objection to the requested unsealing.

* * *

The Department has endeavored to ensure that its objections to unsealing are limited to information not otherwise disclosed by the Independent Counsel in accordance with the court order he obtained authorizing the disclosure of grand jury information for purposes of the Referral.  To the extent Petitioner or Intervenor objects to any redactions pursuant to Criminal Rule 6(e), the Department's view – consistent with the text of Rule (e) – is that the Court lacks the authority to unseal grand jury materials for reasons of "extreme public interest," *see* Letter to Chief Judge Beryl A. Howell from Drew Shenkman, dated Feb. 9, 2018 at 3, or any other reason outside the reticulated exceptions to secrecy set forth in Rule 6(e).  *See Carlson v. United States*, 837 F.3d 753 (7th Cir. 2016) (Sykes, J., dissenting); *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1178 (10th

Cir. 2006) (noting that the Supreme Court has not explicitly recognized a court's authority to release grand jury materials outside the strictures of Rule 6(e)).  The court can also deny the unsealing of these materials based on the fact that the events underlying the grand jury proceedings are relatively recent and concern living individuals.  *C.f.*, *In re Craig*, 131 F.3d 99 (2d Cir. 1997) (setting forth extra-statutory, judicially-created criteria to consider in determining whether to disclose Rule 6(e) materials, including the age of the investigation and privacy interest of living individuals).  Alternatively, the court could delay any decision pending resolution of the *McKeever* case in the D.C. Circuit, *supra*, n.1.

Dated:  March 23, 2018                              Respectfully submitted,

                                                    CHAD A. READLER
                                                    Acting Assistant Attorney General

                                                    JESSIE K. LIU
                                                    United States Attorney

                                                    */s/ Elizabeth J. Shapiro*
                                                    ELIZABETH J. SHAPIRO
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    Tel: (202) 514-5302
                                                    Fax: (202) 616-8460
                                                    elizabeth.shapiro@usdoj.gov
                                                    Attorneys for the United States