**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| IN RE APPLICATION TO UNSEAL DOCKETS RELATED TO THE INDEPENDENT COUNSEL'S 1998 INVESTIGATION OF PRESIDENT CLINTON |

Misc. No. 18-0019 (BAH)

**JOINT STATUS REPORT**

Pursuant to the Court's May 13, 2020 Minute Order, Petitioner Cable News Network, Inc. ("CNN") and Respondent the U.S. Department of Justice ("DOJ") hereby submit this Joint Status Report, setting forth the respective positions of the Petitioner and the DOJ.

**BACKGROUND**

This case arises from a February 9, 2018 request by CNN to unseal materials related to the Independent Counsel's investigation of former President Clinton. At this Court's request, DOJ reviewed the sealed materials and provided a list of documents that, in its view, should continue to be sealed or released only in redacted form because they contained grand jury material that had not been disclosed in the Independent Counsel's 1998 report to Congress.

On April 16, 2018, the Court ordered the unsealing of the vast majority of the requested records, but also largely adopted DOJ's proposals for continuing to withhold or redact certain documents. Dkt. 29 at 16-32. The Court, however, rejected two of DOJ's requested redactions. *Id.* at 26, 30. In doing so, the Court did not accept DOJ's argument that any disclosure of grand jury materials must be governed by the terms of Fed. R. Crim. P. 6(e). *Id.* at 11.

DOJ appealed that ruling as to the two discrete categories of information it had argued should remain redacted. The question presented in that appeal was whether district courts have the inherent authority to order the disclosure of grand jury materials in circumstances beyond

those enumerated in Rule 6(e).  At the time the appeal was filed, that question was already

pending before the D.C. Circuit in the *McKeever v. Barr* case, and so the D.C. Circuit held the

appeal in this case in abeyance pending resolution of *McKeever*.

On April 5, 2019, the D.C. Circuit ruled in *McKeever*, holding that Rule 6(e) cabins the

inherent authority of federal courts to unseal grand jury materials.  920 F.3d 842 (D.C. Cir.

2019).  The D.C. Circuit denied a petition for rehearing *en banc* and the Supreme Court

subsequently denied McKeever's petition for a writ of certiorari.  DOJ then moved in the D.C.

Circuit for summary reversal of this Court's April 16, 2018 order.

On May 13, 2020, the D.C. Circuit ruled that this Court's April 16, 2018 order must be

vacated in part in light of *McKeever*.  Specifically, the appeals court stated:

> At issue is the district court's rejection of the government's
> proposed redactions to (1) a May 1, 1998 Memorandum Opinion in
> docket Nos. 98-mc-95, 98-mc-96, and 98-mc-97 and (2) a June 26,
> 1998 Memorandum Order in docket No. 98-mc-202.  The portion
> of the district court's order rejecting those proposed redactions and
> ordering unsealing of the redacted material is vacated, and the case
> is remanded for the district court to consider in the first instance
> whether disclosure of this material is otherwise appropriate
> notwithstanding *McKeever*.  *See In re Grand Jury Subpoena,
> Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) ("[W]hen once-
> secret grand jury material becomes sufficiently widely known, it
> may lose its character as Rule 6(e) material.").

The D.C. Circuit issued its mandate in this matter that same day.

On May 14, 2020, this Court ordered CNN and DOJ to file this Joint Status Report

"proposing a schedule for further proceedings in this matter."  Minute Order, May 14, 2020.

## PROPOSED SCHEDULE

In light of the D.C. Circuit's order, the parties believe that the question presently before

the Court on remand is whether any of the information that the Court initially ordered unsealed

based on its inherent authority is "sufficiently widely known" that it has "los[t] its character as

Rule 6(e) material" and as such "disclosure of [that] material is . . . appropriate notwithstanding *McKeever*."

**<u>CNN's Position</u>**:

CNN respectfully disagrees with DOJ's assertion below that "[t]here is nothing left for the Court to do on remand other than to dismiss."

In *In re Grand Jury Subpoena, Judith Miller*, which the D.C. Circuit has set as the standard for the Court to apply on remand, the Court of Appeals held that information loses its grand jury character when it has "become widely known through <u>whatever</u> source," such as when a grand jury witness reveals previously sealed information to the press.  493 F.3d 152, 154-55 (D.C. Cir. 2007) (emphasis added).  The question the D.C. Circuit instructed this Court to ask DOJ, therefore, is whether "the 'cat is out of the bag'" with respect to the sealed information generally.  *Id.*

DOJ asserts below that, in its prior assessment of the dockets at issue, it limited its review and argument solely to whether sealed information had been made public "by virtue of the Independent Counsel's court-authorized submission to the House of Representatives."  The inquiry the D.C. Circuit has instructed the Court to conduct, with the assistance of the parties, is broader than that – again, whether the still-sealed information has "become widely known through <u>whatever</u> source," 493 F.3d at 154-55 (emphasis added) – and not solely whether the information was included in a particular report to Congress.

Based on DOJ's representations below, it has not yet answered that question, and an additional submission and response therefore are necessary to comply with the D.C. Circuit's remand instructions.  If the parties' new submissions show that sealed information has become

"sufficiently widely known" by virtue of any public disclosure, the *Miller* decision authorizes

this Court to unseal the material.

The D.C. Circuit's prior decision in the *Miller* case further teaches that DOJ should file

its answer to this question on the public docket, not under seal, because "[i]f the public is to see

[a court's] reasoning, it should also see what informed that reasoning." *In re Grand Jury*

*Subpoena, Judith Miller*, 438 F.3d 1138, 1140 (D.C. Cir. 2006).

CNN therefore proposes the following schedule to address that question:

- On or before **May 27, 2020**, DOJ shall file an unsealed declaration stating whether and to what extent any of the sealed information at issue has been publicly revealed, along with any accompanying materials necessary for the Court to review *in camera*; and

- CNN shall file any response to DOJ's declaration on or before **June 10, 2020**.

**<u>Position of the Department of Justice</u>**:

For the reasons that follow, this matter is ripe for dismissal without further submissions

from the Petitioner or the government.  There is nothing left for the Court to do on remand other

than to dismiss, because the Court already performed the analysis suggested by the Court of

Appeals prior to issuing its decision in this matter.

1.      In response to the Court's orders, ECF #3 & Minute Order dated Feb. 23, 2018,

undersigned counsel undertook a review of each of the then-sealed dockets identified by

petitioner and counsel for President Clinton.  In the government's responsive filing, counsel

noted that "[t]he Department has endeavored to ensure that its objections to unsealing are limited

to information not otherwise disclosed by the Independent Counsel."  ECF #20 at 9.  Indeed, the

government was explicit that it was taking account of the principle that grand jury information

that becomes widely known may lose its character as grand jury information subject to Criminal

Rule 6(e).  *Id*. at 4 ("Grand jury secrecy, however, can be waived through an otherwise

authorized disclosure.  Where a waiver has occurred, the information no longer falls within Rule

6(e).  *See, e.g., In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007)

(denying request, based on the public interest, to release grand jury testimony not presented at

trial, but finding that "when once-secret grand jury material becomes 'sufficiently widely

known' it may 'los[e] its character as Rule 6(e) material'") (internal citations omitted)").

      2.      Subsequently, the government again made clear the criteria employed in

reviewing the dockets for possible unsealing.  "To the extent the government has not objected to

unsealing, it is because the information at issue is already in the public domain by virtue of the

Independent Counsel's court-authorized submission to the House of Representatives.  Where the

government has objected, it is because the information was not disclosed by the Independent

Counsel's report and, accordingly, remains protected by Criminal Rule 6(e)."  ECF #23 at 1.

      3.      The government also submitted a response to the Court *in camera* and *ex parte*.

ECF #21.  That filing identified the limited grand jury information that, based on counsel's

review, was not otherwise public, and therefore remained protected by Rule 6(e).  The filing also

proposed specific redactions to protect personal privacy and privilege within the dockets that the

government agreed should be unsealed.

      4.      Following a second *in camera, ex parte* submission in response to questions from

the Court, ECF #27, the Court issued its decision on April 16, 2018.   In its decision, the Court

reiterated that counsel for DOJ "explained that, in its view, any proposed unsealing should be

limited to information already disclosed in the Starr Report—reasoning that grand jury secrecy

had been waived—but averred that information not discussed in the Starr Report should remain

under seal."  ECF #29 at 7-8.  The Court ultimately ordered, over DOJ's objection, the unsealing

of just two references that remained protected by Rule 6(e) because they were not disclosed by

the Independent Counsel:  (1) information about the number of White House employees who were interviewed by the OIC or who appeared as witnesses before the grand jury that differed from a later reference in the Independent counsel report, *see* ECF #29 at 26, and (2) limited information pertaining to subpoenas issued by the Independent Counsel, *id* at 30.  Although the Court did not make an express finding about the continued secrecy of these items, the Court's unsealing order relied on the Court's view that it retained inherent authority to disclose still-secret grand jury information, reasoning that under the so-called *Craig* factors, continued secrecy was no long necessary.  *See generally id*. at 26, 30.

5.      In rendering its decision, the Court expressly took account of the principle articulated in *In re Grand Jury Subpoena, Judith Miller*, explaining that, "'grand jury secrecy is not unyielding when there is no secrecy left to protect.' *Id.* (internal quotation marks and alteration omitted).  As the D.C. Circuit has held, "when once secret grand jury material becomes 'sufficiently widely known,' it may 'lose its character as Rule 6(e) material.'" *Id.* (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994))." ECF #29 at 10.

6.      The only issue on appeal was the propriety of relying on inherent authority to order disclosure of grand jury information outside the four corners of Criminal Rule 6(e), a determination dictated by the outcome of the D.C. Circuit's decision in *McKeever v. Barr,* 920 F.3d 842 (D.C. Cir. 2019), *cert denied*, 140 S. Ct. 597 (2020).   Following the decision in *McKeever*, the D.C. Circuit vacated the disclosure order and remanded for consideration of whether the information at issue is nevertheless sufficiently public so as to lose its character as grand jury information.

7.      Contrary to Petitioner's contention, this Court needs nothing further to make the determination requested by the D.C. Circuit.  As detailed above, DOJ has already reviewed the

dockets at issue and represented that the specific information at issue in the appeal was not made

public by the Independent Counsel.   Indeed, as the Court noted in its opinion, that precise

exercise – determining what was released into the public domain versus what remained protected

under Rule 6(e) – was the principle that largely drove counsel's review of the sealed materials.

*See, e.g.*, ECF #29 at 8.  Petitioner is incorrect that counsel's review was "limited" to the

Independent Counsel's report.  As noted in DOJ's filing, counsel's review (as well as the

Court's) took account of the principle articulated in *In re Grand Jury Subpoena, Judith Miller*,

including using ordinary search engines to determine whether information was generally public.

Petitioner's demand for a declaration to this same effect is unnecessary; as an officer of the

court, it is entirely appropriate to accept the representations of government counsel.

 *In re Grand Jury Subpoena, Judith Miller* involved the broad disclosure of grand jury

information by grand jury witnesses, who are not bound by Rule 6(e).  The court made clear that

"not every public disclosure waives Rule 6(e) protections."  493 F.3d at 155.  Rather, "one can

safely assume that the 'cat is out of the bag' when a grand jury witness . . . discusses his role on

the CBS Evening News," or where the "grand jury witness's attorney 'virtually proclaimed from

the rooftops that his client had been subpoenaed.'" *Id.*   Here, the information at issue is not the

sort of information that a witness would likely know or disclose, and if the Independent Counsel

did not disclose it as part of his mandate to report to Congress (as he did not), there is no

reasonable likelihood that the information would be public, as those with access to it are bound

by Rule 6(e).  Accordingly, it comes as no surprise that a routine internet search did not uncover

the exact information in the public domain.  Petitioner apparently expects DOJ to prove a

negative, *i.e.*, that the information does not exist in the public domain, anywhere.  But even if the

information did exist in some unknown public space, that fact could not possibly meet the

"proclaimed from the rooftop" standard to which the Court of Appeals referred in *In re Grand Jury Subpoena, Judith Miller*. Thus, it makes little sense for the Court to order an arduous (and likely futile) search for information that by its very obscurity could never meet the standard for disclosure.

To the extent the Court believes that a second look at the sealed materials is necessary, the Court already has the information at issue as part of the government's prior *ex parte* submission. Indeed, its prior decision describing the nature of the information makes manifest that the Court was informed by its review of that material. This Court, therefore, can and should dispose of this matter without further submissions, through an order (1) finding, based on the Court's prior review and representations from counsel, that the specific information at issue was not released by the Independent Counsel, and therefore is not so widely known as to lose its character as grand jury information, and (2) dismissing the petition with prejudice.

Dated:  May 20, 2020

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Petitioner Cable News Network, Inc.*

JOSEPH H. HUNT
Assistant Attorney General

_/s/ Elizabeth J. Shapiro_
Elizabeth J. Shapiro (DC Bar # 418925)
Civil Division, U.S. Dept. of Justice
1100 L Street, NW, 12TH Floor
Washington, D.C. 20005
Telephone: (202) 514-5302
Fax:  (202) 616-8740
Email: elizabeth.shapiro@usdoj.gov

_Counsel for U.S. Department of Justice_